**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Alberto Codo,

Petitioner,

v.

Luis Rosa, Jr.,

Respondent.

No. CV-26-03265-PHX-SPL (MTM)

**REPORT AND RECOMMENDATION**

TO THE HONORABLE STEVEN P. LOGAN, UNITED STATES DISTRICT JUDGE:

Self-represented Petitioner Alberto Codo, who is confined in the Central Arizona Florence Correctional Complex, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1) challenging his immigration detention.

## I. SUMMARY OF CONCLUSION

Petitioner has been a lawful permanent resident since August 30, 2012. Petitioner is subject to detention pursuant to 8 U.S.C. § 1226(c) by the Department of Homeland Security Immigration and Customs Enforcement. On November 2, 2023, Petitioner pled guilty to Conspiracy to Use Interstate Commerce in the Commission of Murder-for-Hire and was sentenced to time served and three years on supervised release. Petitioner was served with both an arrest warrant and a Notice to Appear, charging him as removable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), as having been convicted of an aggravated felony. Petitioner's subsequent request for custody

determination was denied. Petitioner claims that his prolonged detention violates his Fifth Amendment rights to due process and seeks a bond hearing and/or release. Because Petitioner's continued detention without an individualized bond hearing has become unreasonable, the Court will recommend that the Petition for Writ of Habeas Corpus be granted, in part.

## II. BACKGROUND

Petitioner is a citizen and native of Angola. (Doc. 1 at 14; Doc. 3 at 2.) Petitioner was admitted into the United States on July 20, 2010, as a nonimmigrant. (Doc. 14-2; Exh. B.) On August 30, 2012, the Petitioner adjusted his status to lawful permanent resident. (*Id.*) The record reflects that on November 2, 2023, Petitioner pled guilty to Conspiracy to Use Interstate Commerce in the Commission of Murder-for-Hire and was sentenced to time served and three years on supervised release. (Doc. 14); *see United States v. Codo*, CR 22-00474 (D.N.J.).

On July 8, 2025, the Department of Homeland Security (DHS) served Petitioner with both an arrest warrant and a Notice to Appear, charging him as removable under Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act (INA), codified at 8 U.S.C. § 1227(a)(2)(A)(iii), as having been convicted of an aggravated felony. (Docs. 14-1, 14-2; Exhs. A, B.) That same day, Petitioner requested a custody determination hearing under 8 U.S.C. § 1226. (Doc. 14-1, Exh. A.) On November 20, 2025, the Immigration Judge found that she was without jurisdiction to issue bond because Petitioner was subject to "mandatory detention . . . due to his federal criminal conviction, which has been found to be an aggravated felony under [8 U.S.C. § 1227(a)(2)(A)(iii)]." (Doc. 14-3, Exh. C.)

## III. PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS

In his Petition, Petitioner contends that his unreasonably prolonged detention is unlawful under the Fifth Amendment and the Immigration Judge abused her discretion when she denied Petitioner's request for release on bond.

Respondent filed a Response and Petitioner filed a Reply. (Docs. 14, 18.)

\\\

## IV. DISCUSSION

The district court is empowered to issue a writ of habeas corpus where an individual is held "in custody in violation of the Constitution or laws or treaties of the United States . . . ." 28 U.S.C. § 2241(c)(3). The language of § 2241 and "the common-law history of the writ" makes clear "that the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475 484 (1973) (noting that the writ of habeas corpus "was early recognized by [the Supreme] Court as a 'great constitutional privilege'"). The Supreme Court has made clear that § 2241 applies to noncitizens challenging their immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001).

Because Petitioner challenges his prolonged civil detention, the Court has jurisdiction to address the instant Petition. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of the removal order . . . .").

Section 1226(a) establishes the default framework governing discretionary immigration detention pending removal proceedings. Under that provision, DHS may arrest and detain a noncitizen and may release the individual on bond or conditional parole. *See* 8 U.S.C. § 1226(a); *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018). However, under § 1226(c), the "Attorney General shall take into custody" any noncitizen who falls within one of the several enumerated categories involving criminal offenses. *See* 8 U.S.C. § 1226(c)(1). As relevant here, § 1226(c)(1)(B) applies to a noncitizen who is deportable because of an offense covered by 8 U.S.C. § 1227(a)(2)(A)(iii), which concerns aggravated-felony convictions.

Petitioner pled guilty to Conspiracy to Use Interstate Commerce in the Commission of Murder-for-Hire. The Notice to Appear charges him as removable under § 1227(a)(2)(A)(iii), and the Immigration Judge determined that his detention is mandatory

under § 1226(c). His detention pending removal proceedings is therefore governed by § 1226(c), rather than the discretionary-release provisions of § 1226(a).

Although the Ninth Circuit has not decided whether prolonged detention under § 1226(c) requires an individualized bond hearing, the Court assumes for purposes of this analysis that the Fifth Amendment may require additional process when detention becomes unreasonably prolonged. The Court evaluates Petitioner's claim under the three factors set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976), weighing the private interest at stake, the risk of erroneous deprivation of that interest, and the Government's interest. *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022).

The record before the Court reflects that Petitioner is a lawful permanent resident who has lived in the United States since at least 2010. DHS detained him on July 8, 2025. By the time Respondent filed his response on June 17, 2026, Petitioner had been detained for nearly eleven months without an individualized determination of whether he posed a flight risk or danger to the community. Freedom from physical restraint is a fundamental liberty interest. *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The Court finds that in light of the length of detention and Petitioner's status as a lawful permanent resident, the first *Mathews* factor weighs in Petitioner's favor.

Petitioner received an arrest warrant and a Notice to Appear identifying the basis for his detention and removability. He also requested a custody determination on the day DHS detained him. However, the Immigration Judge's November 20, 2025 decision failed to provide any individualized bond assessment of flight risk or dangerousness. Rather, the Immigration Judge concluded that she lacked jurisdiction to issue bond because Petitioner was subject to mandatory detention as an aggravated felon. Thus, although Petitioner received a determination about the statutory basis for detention, he has not received an individualized assessment of the need for his continued detention. An individualized hearing would allow a decisionmaker to consider flight risk and danger, and would determine whether detention remains justified. The second factor weighs in Petitioner's favor.

The third *Mathews* factor considers the Government's interests and the fiscal and administrative burdens that additional process would entail. *See Mathews*, 424 U.S. at 335. The Government has substantial interests in enforcing the immigration laws, securing Petitioner's appearance in removal proceedings, and protecting the public. Those interests are particularly significant here given Petitioner's conviction for Conspiracy to Use Interstate Commerce in the Commission of Murder-for-Hire.

Here, however, the process at issue is a single, individualized bond hearing. Providing such hearing would not prevent the Government from pursuing removal or require Petitioner's release. The Immigration Judge could continue detention upon finding that Petitioner presents a danger or flight risk, or could consider conditions of release addressing those concerns. The third factor also weighs in Petitioner's favor.

Because the Immigration Judge declined to consider bond based on § 1226(c)'s mandatory-detention provision, Petitioner has not received an individualized assessment of whether his continued detention is necessary. Thus, balancing the *Mathews* factors, the Court concludes that Petitioner's continued detention without an individualized bond hearing has become unreasonable. The appropriate remedy is a bond hearing, not release. The Court therefore recommends granting the Petition in part and ordering Respondent to provide Petitioner an individualized bond hearing.

Accordingly,

**IT IS RECOMMENDED** that the Petition (Doc. 1) be granted in part and that Petitioner be provided a bond hearing.

**IT IS FURTHER RECOMMENDED** that Respondent be ordered to provide Petitioner such hearing within seven (7) business days of the entry of judgment.

**IT IS FURTHER RECOMMENDED** that Respondent be ordered to file a notice of compliance within three (3) days of providing Petitioner a hearing.

Dated this 6th day of October, 2026.

Michael T. Morrissey

Honorable Michael T. Morrissey
United States Magistrate Judge